**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41184**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 429 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FRANCISQA SAHIDA RAPHINO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order relinquishing jurisdiction, affirmed; order granting I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of two years, for aggravated assault and to determine whether the district court erred in partially granting an I.C.R. 35 motion for reduction of sentence. We affirm.

Francisqa Sahida Raphino pled guilty to aggravated assault. I.C. §§ 18-901(a), 18-905(a). The district court sentenced Raphino to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed Raphino on probation. Raphino admitted to violating the terms of her probation. The district court revoked

probation, ordered execution of Raphino's sentence, but retained jurisdiction. Thereafter, the district court relinquished jurisdiction. Raphino sought a reduction of her sentence pursuant to I.C.R 35, which the district court granted by eliminating her fine of $2500 but denied as to the terms of the sentence. Raphino appeals, claiming that the district court erred by refusing to grant probation. She also argues that her sentence is excessive and constitutes an abuse of discretion and that the district court erred in not reducing her sentence pursuant to Rule 35.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Raphino has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Raphino also contends that the unified sentence of five years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Raphino argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Raphino's case. The record does not indicate that the district court abused its discretion in this case.

Raphino also argues that the district court abused its discretion in only partially granting her Rule 35 relief. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In

presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Raphino's Rule 35 motion, we conclude no abuse of discretion has been shown.

The order of the district court relinquishing jurisdiction and Raphino's sentence, as well as the district court's order granting Raphino's Rule 35 motion, are affirmed.